UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GARCIA MORAO, | Case No. 2:25-cv-02588-MMD-NJK |
|---|---|
| Petitioner, | ORDER |
| v. | |
| NOEM, *et al.*, | |
| Respondents. | |

## I. SUMMARY

Petitioner Antonio Alejandro Garcia Morao filed a Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) under 28 U.S.C. § 2241. The Court has reviewed Respondents' response (ECF No. 16) and Morao's reply (ECF No. 17). For the reasons discussed below, the Court denies the Petition and denies Morao's motion for expedited review (ECF No. 18) as moot.

## II. RELEVANT BACKGROUND

Morao is a Venezuelan national currently detained at the Nevada Southern Detention Facility in Pahrump, Nevada. (ECF No. 1 at 5.) Morao entered the United States on May 23, 2023, having been admitted under the Venezuelan Humanitarian Parole Program ("VHPP"). (*Id.* at 4.) Morao is married to a United States citizen and submitted a Form I-485 for adjustment of status that remains pending.[1] (*Id.*) On September 23, 2025, ICE arrested Morao after he was released from the Utah County jail on criminal charges. (*Id.*) Removal proceedings commenced the next day. (*Id.*) On November 17, 2025, Morao filed a motion to terminate removing proceedings "based on prima facie eligibility to adjust status pursuant to 8 C.F.R. § 1003.18(d)(ii)(B)" but the Immigration Judge denied the

---

[1] Morao attaches a copy of a notice dated April 23, 2024, informing him of receipt of his Form I-485. (ECF No. 1-4.)

motion. (*Id.*) However, Morao can only seek adjustment of status through a process established by Respondent United States Citizenship and Immigration Services (USCIS), who has exclusive jurisdiction to adjudicate applications for adjustment of status. (*Id.*) "As a matter of agency practice and regulation, USCIS requires the applicant's personal appearance at an adjustment review." (*Id* at 5.) Morao contends his continued detention prevents him from attending that mandatory review, thereby rendering it impossible for USCIS to adjudicate—and approve—his application despite his statutory eligibility." (*Id.*)

The Petition asserts two causes of action: violation of the Due Process Clause and violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(1), 706(2)(A). (ECF No. 1 at 9-11.) Morao requests various forms of relief all related to his attendance at USCIS's adjustment of status interview, including a declaration that DHS's refusal to release him to attend his interview violates his due process rights, ordering USCIS to schedule that interview, ordering ICE to produce him for such an interview or for USCIS to produce an officer at the detention center where Morao is held to conduct such an interview. (*Id.* at 11.) Morao clarified in his reply that he request two reliefs: (1) grant his Petition so that his detention does not bar him from the adjudication of his adjustment of status application; and/or (2) "[i]ssue mandamus or APA relief requiring USCIS to adjudicate Morao's pending application within a reasonable period—approve or deny—without dictating the outcome." (ECF No. 17.)

**III.    DISCUSSION**

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

### A. Due Process Claim

Morao asserts that Respondents violate his due process because they refuse to adjudicate his application for change of status, which he is *prima facie* eligible to apply for, and if the application was granted, he would receive immediate relief from removal. (ECF No. 1 at 6.) However, as Respondents correctly point out, Morao does not claim lack of process in terms of the removal proceedings which led to his detention. (ECF No. 16 at 11.) Morao does not dispute Respondents' assertion that his parole status under the VHPP automatically expired after two years or after May 21, 2025, and alternatively, after issuance of the Notice to Appear in Immigration Court for hearing on October 28, 2025 to show why he should not be removed.[2] (ECF Nos. 16 at 11, 16-3.) And as Respondent points out, after Morao was detained following the expiration of his parole status, Morao received a Notice to Appear for a hearing initially on October 28, 2025 and continued to January 22, 2026. Thus, the Court agrees with Respondents that Morao's due process claim fails on the merit.

Indeed, Morao's due process claim does not challenge the legality of detention in connection with the removal proceedings. Instead, Morao contends that his civil immigration detention is unlawful because such detention "affirmatively prevents Morao from pursuing a congressionally authorized form of relief—adjustment of status—for which he is prima facie eligible." (ECF No. 17 at 2.) He insists that the only impediment to USCIS's adjudication of his application for adjustment of status is an in-person interview which he cannot attend because of his detention. (*Id.* at 4.) But being eligible to apply for a change of status does not create a right that would render his otherwise legal detention illegal.

In sum, the Court denies relief as to Morao's due process claim.

///

---

[2] The Notice to Appear was for a hearing before the Immigration Court on October 28, 2025. (ECF No. 16 at 2.) Respondents note that Morao applied for asylum-based relief and a hearing on his application was scheduled for January 22, 2026. (ECF Nos. 16 at 2, 16-3.)

### B. APA Claim

The Petition alleges that Respondents are acting arbitrarily and capriciously in refusing to "take the reasonable steps necessary to ensure [Morao's] application is adjudicated" when he is prima facie eligible for relief from deportation. (ECF No. 1 at 6-7.) Respondents counter that the Court lacks jurisdiction under the APA because adjudication of adjustment applications are committed to the agency's discretion.[3] In reply, Morao asserts that "Petitioner only seeks adjudication—a decision to approve or deny."[4] (ECF No. 17 at 2.) But in limiting this requested relief to compelling USCIS to make a decision on his pending application, Morao cannot escape the conclusion that his claim is for relief under the APA, not directly challenging the lawfulness of his immigration detention. Even assuming the Court has jurisdiction to compel USCIS to timely adjudicate Morao's adjustment in status application,[5] that adjudication would not necessarily result in Morao's release from detention. In other words, a decision on Morao's application would not render the initiation of removal and his current detention illegal. This is because the decision may be a denial of Morao's application even though Morao is eligible to apply. And a decision to grant his application may provide relief from removal and therefore his release, but it would not render his current detention unlawful. In other words, the

---

[3]Respondents also argue the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(B)(ii) precludes judicial review of adjudication of adjustment of status. (ECF No. 16 at 7-10.)

[4]Morao argues that the Court may "compel agency action" under 5 U.S.C. § 706(1) where the agency has a duty to act "within a reasonable time." (ECF No. 17 at 2-3.)

[5]Indeed, the district court case that Morao cites to concludes that a civil action under the APA, not a petition for writ of habeas corpus under section 2241, is an appropriate channel to compel USCIS to adjudicate adjustment of status applications due to unreasonable delay. *See Khan v. Johnson*, 65 F. Supp. 3d 918 (C.D. Cal. 2014) (denying dismissal for lack of subject matter jurisdiction in an action under the APA challenging the government's unreasonable delay in adjudicating plaintiffs' I-485 applications). Similarly, the more recent district court case that Respondents rely on to support their argument as to lack of jurisdiction also involved an action under the APA, not a section 2241 habeas petition. *See Khachutorov v. Britten,* 792 F.Supp.3d 1106 (C.D. Cal. 2025) (dismissing for lack of subject matter jurisdiction the plaintiffs' claims under the APA and under the Mandamus Act seeking an order to compel defendants to adjudicate plaintiffs' pending application).

requested relief is not proper relief under section 2241. Accordingly, the Court denies relief as to the second claim.[6]

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition before the Court.

It is therefore ordered that the petition for writ of habeas corpus (ECF No. 1) is denied.

It is further ordered that the motion for expedited review (ECF No. 18) is denied as moot.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 27th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[6] Denial is without prejudice to Morao bringing a civil action under the APA in the proper venue, though the Court has declined to decide Respondents' jurisdiction arguments.